IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HOLLY HOEBRECKX, <br> Plaintiff | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | NO. 2:11-cv-05738-KM-MAH |
| FIRST CREDIT SERVICES, INC., <br> Defendant | : <br> : <br> : | Motion set for 10/15/2012 |

**PLAINTIFF HOLLY HOEBRECKX'S BRIEF IN SUPPORT OF ALTERNATIVE MOTION FOR LEAVE TO CORRECT CLASS DEFINITION**

Plaintiff Holly Hoebreckx ("Ms. Hoebreckx") submits this brief in support of her alternative motion for leave to amend the proposed class definition contained in her Original Class Action Complaint.

**I.      INTRODUCTION.**

Ms. Hoebreckx's class membership is not a separate requirement of Rule 23(a). As expressly held by this Court, the requirement that the named-plaintiff be "part of the class" she seeks to represent is an implicit requirement met through the application of the commonality, typicality and adequacy of representation requirements of Federal Rule of Civil Procedure 23(a). Thus, so long as Ms. Hoebreckx satisfies each Rule 23(a) element, she may properly represent the proposed class as currently defined.

Notwithstanding the absence of any legal requirement to modify the existing proposed class definition, out of an abundance of caution Ms. Hoebreckx has requested leave to do so. Rule 23 provides for the liberal modification of class definitions, even after class certification. Should it please the Court at this stage, or at anytime prior to final judgment, there is good cause to grant leave to Ms. Hoebreckx to amend the proposed class definition. The Court should deny First Credit's motion for judgment on the pleadings[1] and—if the Court deems it appropriate—Ms. Hoebreckx should be granted leave to amend her proposed class definition.

---

[1] "Compliance with the Rule 23 prerequisites theoretically should not be tested by a motion to dismiss for failure to state a claim or by a summary-judgment motion. The proper vehicle is Rule 23(c)(1)(A), which provides that, at an early practicable time, the court must 'determine by order whether to certify the action as a class action.' Therefore, a party wishing to challenge the validity of maintaining the action under Rule 23 should move for a determination under Rule 23(c)(1) that a class action is unwarranted." Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure, 7B Fed. Prac. & Proc. Civ. § 1798 (3d ed.) (2012).

1

## II.   STATEMENT OF RELEVANT FACTS.

Ms. Hoebreckx originally defined the proposed class to include "all persons located in New Jersey," when she intended to include "all persons located in the United States of America." *See* Declaration of Noah D. Radbil, attached as Exhibit 1.  After the Scheduling Order's pleading amendment deadline expired, First Credit's counsel brought this error to the attention of Ms. Hoebreckx's counsel.  *See* September 7, 2012, email communication, attached as Exhibit 2.  Mr. Radbil promptly acknowledged the drafting error, requesting that First Credit's agree to an amendment to correct it.  *See* September 11, 2012, letter from Ms. Hoebreckx's counsel to First Credit's counsel, attached as Exhibit 3.  In reply, First Credit's counsel wrote: "I reject your out of statute attempt to amend the complaint.  See you in Newark next Monday.  Our motion [for judgment on the pleadings *or* for summary judgment, *see* Doc. 24] will be filed this week."  Exhibit 4.

## III.  CLASS MEMBERSHIP IS NOT A SEPARATE REQUIREMENT OF RULE 23(a), BUT IS AN IMPLICIT REQUIREMENT MET THROUGH THE APPLICATION OF THE COMMONALITY, TYPICALITY AND ADEQUACY OF REPRESENTATION REQUIREMENTS.

"In any class certification, the threshold issue is whether the four requisites of Rule 23(a), numerosity, commonality, typicality, and adequacy, are met." *Chiang v. Veneman*, 385 F.3d 256, 264-65 (3d Cir. 2004).  "Membership in a class is not a separate requirement of Rule 23(a), but is an implicit requirement normally met through the application of the commonality, typicality and adequacy of representation requirements." *Agostino v. Quest Diagnostics Inc.*, 256 F.R.D. 437, 472 (D.N.J. 2009) (citing *Ritti v. U-Haul Intern., Inc.,* 2006 WL 1117878, at *2 (E.D. Pa. April 26, 2006); William B. Rubenstein, Alba Conte and Herbert B. Newberg, 1 *Newberg on Class Actions* § 3:19 (4th ed.)).

This Court does "not impose class membership as a separate procedural requirement for class certification under Rule 23, but instead holds that the class representatives' membership in the class is already guaranteed by one or more of the requirements of Rule 23(a) and Article III, most notably standing, typicality, or adequacy." [2]   1 Newberg on Class Actions § 3:9 (5th ed.) (citing *Agostino*, 256 F.R.D. 437,

---

[2] "Rule 23 sets forth the criteria for the certification of a class action in federal court. In an intricate formula, the Rule requires that a party moving for class certification demonstrate that the proposed class and class representatives meet all of the requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy) and that the case fits into one of the categories of Rule 23(b)."  1 Newberg on Class Actions § 3:1 (5th ed.)

472 (D.N.J. 2009). "Under this approach, requiring class membership as a stand-alone prerequisite to certification would be superfluous because a class representative who was not a member of the class would necessarily lack standing to assert the class's claims under Article III, have claims that were atypical of those of the class under Rule 23(a)(3), or be an inadequate class representative under Rule 23(a)(4)." 1 Newberg on Class Actions § 3:9 (5th ed.) (citing *Agostino*, 256 F.R.D. 437, 472 (D.N.J. 2009); *Cordes & Co. Financial Services, Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 101–03, 2007-2 Trade Cas. (CCH) ¶ 75861 (2d Cir. 2007) ("analyzing the issue of the class representatives' class membership as one of standing, and holding that the district court erred in denying certification even though the class representatives' claims had been assigned to them by two other companies and the class representatives were therefore not, strictly speaking, members of the class")).

In *Agostinio*, the defendant argued—exactly as First Credit does now—that certification was not appropriate merely because the proposed named-plaintiffs were not members of the defined class. 256 F.R.D. at 472. This Court rejected that argument as a "misapplication of the Rule 23(a) requirements." *Id*. at 472. This Court explained, in relevant part:

> Defendants do not contest that the numerosity, commonality or typicality of this proposed Subclass. . . . Rather, Quest merely suggests that the Smuckers, Mr. Hoecker and Mrs. Cruthers cannot be adequate class representatives because none of these Plaintiffs are members of the defined Subclass.
>
> \*     \*     \*
>
> Membership in a class is not a separate requirement of Rule 23(a), but is an implicit requirement normally met through the application of the commonality, typicality and adequacy of representation requirements. *See* Ritti v. U-Haul Intern., Inc., 2006 WL 1117878, at \*2 (E.D.Pa. April 26, 2006); William B. Rubenstein, Alba Conte and Herbert B. Newberg, 1 Newberg on Class Actions § 3:19 (4th ed.) ("Within the scheme of Rule 23, class membership by the representative is what should exist at the end or conclusion of the strict application of Rule 23(a) prerequisites, particularly the claim typicality test, if a class action is properly to be maintained.").

256 F.R.D. 437, 470-472 (D.N.J. 2009).

Important, this Court denied class certification in *Agostino* based on its analysis of the Rule 23(a) requirements which led it to determine that the named-plaintiffs' claims were atypical of the claims of the

3

proposed absentee class members.[3]  *See id*. at 472 ("the Court finds that the Refund Interest Subclass cannot be certified because the claims of the prospective Subclass representatives are not typical of those of absent members of the Subclass. Under Rule 23(a)(3)").

First Credit does not challenge Ms. Hoebreckx's ability to represent the proposed class on substantive Rule 23(a) grounds.  *See* Doc. 34, p. 2 ("Plaintiff takes the absurd position, and one contrary to law, that she does not have to be a member of the Class in order to represent the Class").  This makes sense considering that Ms. Hoebreckx's legal claims are identical to the claims of each proposed class member, and that her claims arise from the identical course of standardized conduct and communications.  *See* Ms. Hoebreckx's Response to Motion for Judgment on the Pleadings, at Section V.B.2 (Doc. 29, pp. 8-13).  Ms. Hoebreckx continues to diligently seek the documents and information necessary to establish that class membership can be ascertained through the use of objective criteria.  *See* Ms. Hoebreckx's cross-motion to compel Global Connect, LLC's compliance with Ms. Hoebreckx's Rule 45 subpoena *duces tecum*.  (Doc. 30).  So long as objective criteria may be used to ascertain the identities of the proposed class members, class certification is, under the current definition, appropriate.  *See Agostino*, 256 F.R.D. at 470-472.

### IV.  WHETHER OR NOT TECHNICALLY NECESSARY, MODIFICATION OF THE CLASS DEFINITION AT THIS STAGE IS UNDISPUTEDLY PROPER.

An "otherwise inappropriate outline of class boundaries should not materially interfere with the progression of litigation through the federal court system."  3 Newberg on Class Actions § 8:12 (4th ed.).  Certification of a class action and the definition of the class are matters within the broad discretion of district courts.  *See Battle v. Commonwealth of Pa.,* 629 F.2d 269, 271 n. 1 (3d Cir. 1980).  "As long as the complainants can be identified in a manner that advances the purpose of Rule 23, procedural fairness permits flexibility."  3 Newberg on Class Actions § 8:12 (4th ed.).  Thus, when a class definition is not acceptable,

---

[3] "Ultimately there is little practical difference between treating class membership as a matter of standing, typicality, or adequacy, particularly because, as the Supreme Court noted in *General Telephone Co. of the Southwest v. Falcon*, the latter analyses tend to merge into one another.  There, the Supreme Court reversed certification in part because the class representative may not have been a member of the class he sought to represent and the district court had not engaged in a sufficient inquiry to resolve the issue.  However, the court did not identify a specific procedural requirement implicated by the class membership problem, instead referring to the problem as a general one of whether the class's claims were "fairly encompassed" within those of the class representative, and making reference at various points in the opinion to problems of commonality, typicality, and adequacy."  1 Newberg on Class Actions § 3:9 (5th ed.)

district courts have regularly either redefined the classes themselves or permitted the plaintiffs to redefine the classes.  7 Newberg on Class Actions § 22:76 (4th ed.) (collecting cases).

In the Third Circuit, a Plaintiff's original class definition does not control final class determinations. *See Kalow & Springut, LLP v. Commence Corp.*, 272 F.R.D. 397, 401-02 (D.N.J. 2011) ("Defendant's position that Plaintiff is confined to its proposed class definition as pled in the Amended Complaint is not supported by the case law.  Indeed, Plaintiff is not bound by the class definitions proposed in its Amended Complaint, and the Court can consider Plaintiff's revised definitions albeit those revisions are made in its motion for class certification.").  Therefore, even if the court determines that a class definition or description proposed by a party is not sufficiently precise, it need not necessarily deny class certification.  Rather, the court has discretion to grant certification, and to limit or modify the definition of the proposed class to provide the necessary precision.  7AA Fed. Prac. & Proc. Civ. § 1785.4 (3d ed.).

## V.  GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER TO PERMIT THE PROPOSED CLASS DEFINITION'S TECHNICAL MODIFICATION.

"Rule 16(a) requires the court to enter a scheduling order that limits 'the time to join other parties, amend pleadings, complete discovery, and file motions.'"  *Bell v. Lockheed Martin Corp.*, CIV. 08-6292 RBK/AMD, 2011 WL 1467365 at *4 (D.N.J. Apr. 18, 2011) (quoting Fed. R. Civ. P. 16(b); citing *E. Minerals & Chems. Co. v. Mahan,* 225 F.3d 330, 340 (3d Cir. 2000)).  The February 27, 2012 Scheduling Order issued in this case provides that any motion to amend pleadings must be filed "not later than June 1, 2012." (Doc. 34, p 4) (quoting Scheduling Order, Doc. 9 ¶12).  "Once the court enters a scheduling order pursuant to Rule 16(a), it may 'not be modified except upon a showing of good cause and by leave of the [court].'"  *Bell v. Lockheed Martin Corp.*, 2011 WL 1467365 at *4.

"To establish good cause under Rule 16, the party seeking the extension must show that the deadlines set forth in the scheduling order 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id*. at *4 (citing Rowe *v. E.I. du Pont de Nemours & Co.,* No. 06–3080, 2010 U.S. Dist. LEXIS 16185, at *13–14 (D.N.J. Feb. 24, 2010); Fed. R. Civ. P. 16(b) advisory committee's notes to 1983 amendments).  "Good cause may also be satisfied if the movant shows that the inability to comply with a scheduling order is 'due to any mistake, excusable neglect or any other factor which might understandably

5

account for failure of counsel to undertake to comply with the Scheduling Order.'" *Id.* at *4. "Courts have found good cause where there is simple inadvertence, no harm to defendants and no delay in the proceedings." *Monroe v. City of Hoboken*, CIV.A. 11-2556 JLL, 2012 WL 1191177 at *6 (D.N.J. Apr. 10, 2012). Significant to the facts of this case, "the rules are meant to ensure fair and efficient litigation, not to 'trap' attorneys or deprive plaintiffs of their day in court." *Monroe*, 2012 WL 1191177 at *7. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

        A.        **Ms. Hoebreckx Seeks Leave To Correct A Drafting Error First Brought To Her Attention By First Credit After The Deadline To Amend Had Expired.**

First Credit argues that this Court, "as well as several courts of appeals, have held that the standard for establishing the requisite diligence is not satisfied when a plaintiff **was aware of the facts that would lead him or her to amend a complaint and then failed to act on that knowledge by moving to so amend.**" Doc. 34, p. 5 (original emphasis). September 7, 2012, appears to be the date when First Credit first became aware of the facts that lead Ms. Hoebreckx, out of an abundance of caution, to seek leave to modify her proposed class definition. *See* Exhibit 1 (September 7, 2012, email from First Credit's counsel: "It has come to our attention in reviewing the additional discovery that plaintiff seeks that she is not an appropriate class plaintiff in this case as a matter of law"). As discussed at Section II, *supra*, Ms. Hoebreckx is an appropriate class representative under Rule 23(a)'s controlling standard. Notwithstanding, Ms. Hoebreckx first learned of the drafting error in her proposed class definition; that is, the fact that would lead her to amend her Original Class Action Complaint, from First Credit after the deadline to amend had already expired. *See* Section I., *supra*.

Contrary to First Credit's suggestions, Ms. Hoebreckx does not seek leave to assert a new claim or cause of action, the facts of which she had knowledge of, but failed to act on, prior to the amendment deadline. *See* Doc. 34, pp. 5-6 (collecting cases involving new claims and causes of action arising from facts known to the movant before the amendment deadline). Rather, Ms. Hoebreckx seeks leave to amend her Original Class Action Complaint for the exclusive purpose of curing a perceived technical defect in her

6

proposed class definition. First Credit also trumpets the fact that the drafting of Ms. Hoebreckx's Original Complaint involved more than one attorney, and that more than one year has passed since its filing. *See* Doc. 34, pp. 3-4, 6. However, Mr. Hoebreckx's counsel committed a legitimate drafting error which—to be fair—neither Ms. Hoebreckx's counsel nor First Credit's counsel realized until after the amendment deadline expired. *See* Exhibit 1. Ms. Hoebreckx lacked knowledge of the fact of the error leading her to seek leave to correct her proposed class definition until after the amendment deadline expired. Under Rule 16(b), good cause exists to grant Ms. Hoebreckx the leave that she seeks. And, because an Order granting such relief will not unduly prejudice First Credit, she should be granted leave to amend.

      **B.     Under Rule 15(a), First Credit Can Present No Evidence Of Undue Delay, Bad Faith, Dilatory Motive, Or Undue Prejudice To First Credit Because None Exists.**

Rule 15(a) directs that leave to amend "shall be freely given when justice so requires. *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823-24 (3d Cir. 1978). In *Foman v. Davis*, the Supreme Court identified factors governing motions to amend under Rule 15(a):

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should as the rules require, be 'freely given.'

371 U.S. at 182 (internal citation omitted).

"Delay alone, however, is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party." *Cornell & Co., Inc.*, 573 F.2d at 824 (collecting cases). It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment. *Id.* at 824 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330-31 (1971); *Kerrigan's Estate v. Joseph E. Seagram & Sons*, 199 F.2d 694, 696 (3d Cir. 1952).

In determining whether amendment of a complaint will cause undue prejudice, the Court must "focus on the hardship to the defendants if the amendment were permitted." *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir. 2001) (citing *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir.1984), *cert.*

*denied,* 469 U.S. 1122 (1985)). "Incidental prejudice is not a sufficient basis for the denial of a proposed amendment. Prejudice becomes undue when a party shows that it would be 'unfairly prejudiced' or deprived of the opportunity to present facts or evidence which it would have offered." *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.,* 106 F.Supp.2d 737, 745 (D.N.J. 2000) (citing *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.,* 663 F.2d 419, 426 (3d Cir.1981), *cert. denied,* 455 U.S. 1018 (1982)). "The test for prejudice is whether the non-moving party will be denied 'a fair opportunity to defend and offer additional evidence' to address the amendment." *Id.* (citation omitted).

>    **1.    The Proposed Class Expansion Cannot Prejudice First Credit When Its Practical Effect—By First Credit's Own Logic—Would Preserve The Status Quo.**

First Credit correctly acknowledges that "the statute of limitations was tolled [] for New Jersey individuals." Doc. 34, p. 10.  *See Haas v. Pittsburgh Nat. Bank*, 526 F.2d 1083, 1098 (3d Cir. 1975) ("Commencement of the original class action by [the plaintiff] tolled the statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action"). If First Credit is correct, only those nationwide class members "located in New Jersey" would hold claims that relate back to the date of the Original Class Action Complaint. By First Credit's own logic, the claims of every member of the prospective nationwide class—other than Ms. Hoebreckx and "all persons located in New Jersey"—would be time barred. Accordingly, the proposed nationwide class expansion would not increase the total number of the class members, or practically expand the geographic scope of the class, compared to the existing definition. The end result of the proposed expansion would leave all parties in precisely their current situation—with Ms. Hoebreckx seeking to represent a class of consumers consisting of herself, and "all persons located in New Jersey." First Credit has had ample notice of such a class since the inception of this action. The fact that First Credit has not objected to Ms. Hoebreckx's ability to represent such a class further illustrates the purely technical nature of its objection to the current class definition. *See* Section III., *supra.*

> **2.  The Original Class Action Complaint Placed First Credit On Notice Of Other Potential Plaintiffs And The Proposed Class Expansion Would Not Prejudice First Credit's Ability To Mount Any Defense Which May Exist.**

The proposed amendment expanding the class definition from "all persons located in New Jersey" to "all persons located in the United States of America" does not change the theory of the case, as there are no new claims, new facts, or new legal theories. The exclusively federal claim asserted by Ms. Hoebreckx and the identical claims of each proposed class member all arise from the same standardized pattern and practice of First Credit. First Credit has been on notice of these claims since the filing of the Original Class Action Complaint. *See Monahan v. City of Wilmington,* No. Civ. A. 00–505, 2004 U.S. Dist. LEXIS 1322, at *13 (D. Del. Jan. 30, 2004) ("A class action complaint obviously places defendants on notice of other potential plaintiffs alleging substantially similar causes of action.").

First Credit does not assert that it will be unable to present facts or evidence in connection with the claims of Ms. Hoebreckx, and First Credit's sole defense against her class action allegations has, to date, been its claim that the proposed class members are not ascertainable with reference to objective criteria. *See* Plaintiff's Response to First Credit's Motion to Quash Rule 45 Subpoenas to Global Connect, LLC, and Cross-Motion to Compel (Doc. 30). Moreover, a statute of limitations defense goes to the merits and is not an appropriate objection in the context of class certification. *Gruber v. Price Waterhouse*, 117 F.R.D. 75, 80 (E.D. Pa.1987) (holding that a statute of limitations defense goes to the merits and hence is not an appropriate objection in the context of class certification); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ( "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.").

## VI.  CONCLUSION.

Plaintiff Holly Hoebreckx respectfully requests, should the Court deem an amendment to the class definition appropriate, that Ms. Hoebreckx be granted leave, for good cause shown, to so amend.

Respectfully submitted this 19th day of October, 2012.

          WEISBERG & MEYERS, LLC

          By: /s/ Noah D. Radbil
              Noah D. Radbil, Esq., *pro hac vice*
              Texas Bar No. 24071015
              Jeanne Lahiff, Esq
              NJ Bar No. 003700
              WEISBERG & MEYERS, LLC
              410 High Street, Suite 2
              Cranford, NJ 07016 - 3025
              (888) 595-9111 ext. 511
              (866) 842-3303 (fax)
              JLahiff@attorneysforconsumers.com

              *Attorneys for Plaintiff* HOLLY HOEBRECKX

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HOLLY HOEBRECKX,<br>Plaintiff | : | CIVIL ACTION |
| v. | : | NO. 2:11-cv-05738-KM-MAH |
| FIRST CREDIT SERVICES, INC.,<br>Defendant | : | Motion Set For: October 15, 2012 |

## CERTIFICATE OF SERVICE

      I certify that on October 19, 2012, I electronically filed the foregoing document with the clerk of the U.S. District Court, for the District of New Jersey, using the electronic case filing system of the court. Notification was sent to counsel of record below via the electronic case filing system of the court on this 1st day of October, 2012.

      Mr. Richard J. Perr
      Fineman Krekstein & Harris, P.C.
      BNY Mellon Center
      1735 Market Street, Suite 600
      Philadelphia PA 19103

                                                          /s/ Noah D. Radbil
                                                          Noah D. Radbil