# Weisberg & Meyers, LLC
**Attorneys for Consumers**
5025 North Central Ave, #602
Phoenix, Arizona 85012
602-445-9819
888-595-9111 (Toll Free)
866-565-1327 Facsimile
www.AttorneysForConsumers.com

Extension: 275
E-mail: Noah.Radbil@AttorneysForConsumers.com

Writer licensed in:
Texas

June 17, 2013

*VIA ECF*
The Honorable Michael A. Hammer
United States District Court, New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, MLK 3C
Newark, NJ 07101

**RE:   Holly Hoebreckx v. First Credit Services, Inc.**
United States District Court for the District of New Jersey
Docket No. 2-11-cv-05738-KM-MAH

Dear Judge Hammer:

I am writing to provide a status update regarding the discovery exchange in the above-captioned matter. On May 30, 2013, Ms. Hoebreckx received all of the supplemental electronic data from third-party Global Connect Inc. ("Global Connect") that she has been seeking for over one year. The electronic data contains a list of all debt collection calls Defendant First Credit Services, Inc. ("First Credit") made to New Jersey telephone numbers using Global Connect's auto-dialer system between October 3, 2010 and October 3, 2011. Ms. Hoebreckx has analyzed this data over the past few weeks.

The electronic data contains a list of over 1.2 million calls to over 25,000 unique telephone numbers. Each entry shows: (1) the telephone number called, (2) the time and date of the call, (3) the duration of each call, (4) the result of the call (answering machine, live answer, busy, etc.), (5) the keys that the call recipient pressed, and (6) whether the recipient spoke with a representative from First Credit Services, Inc.

As Ms. Hoebreckx has maintained, this report can be used to ascertain the members of the putative class (i.e., those who "received a voice message/voice recording from Defendant in connection with an attempt to collect any consumer debt, where the voice message/voice recording was substantially similar or materially identical to the messages delivered to Plaintiff").  On at least seven (7) occasions, Ms. Hoebreckx received the following repeating message, lasting between approximately 45 seconds to 1 minute, in her voicemail box:

> Hello. This is a call for Holly Hoebreckx. This is not a sales or marketing call. If this is Holly Hoebreckx, please press 1. If this is not Holly Hoebreckx, please press 3. Once again, if this is Holly Hoebreckx, please press 1 now. If this is not Holly Hoebreckx, please press 3. Thank you.

Ms. Hoebreckx seeks to represent a class of individuals who received pre-recorded messages from First Credit that violate the FDCPA at:

- § 1692d(6), for failure to meaningfully disclose the caller's identity;

- § 1692e(11), for failure to disclose in subsequent communications that the communication is from a debt collector; and

- § 1692e(10), for using false representation or deceptive means to obtain information concerning a consumer.

The class may be ascertained from the electronic data by comparing the call pattern for Ms. Hoebreckx telephone number with the call patterns for the other telephone numbers that First Credit Services called.

According to Global Connect's data, Ms. Hoebreckx received a total of 21 calls. In 5 calls, she pressed "1" and was connected to a First Credit Services representative. In 4 calls, the Global Connect system detected an answering machine and 1 time the call was canceled by the Global Connect system. Of the remaining 11 calls, the Global Connect detected a "live answer," but no key was pressed by the "recipient." Those 11 calls had the following durations (in the following frequencies):

> 15 seconds (1)
> 56 seconds (1)
> **57 seconds (3)**
> 61 seconds (1)
> **62 seconds (3)**
> 67 seconds (1)
> 70 seconds (1)

The call pattern for Ms. Hoebreckx's account shows that there were certain "mode" durations: 57 and 62 seconds, respectively. Those "mode," or frequently occurring durations represent violative calls where First Credit Services left voicemails on her machine that violated the FDCPA.

The 3 calls that lasted 57 seconds *all* correspond to violative voicemails left by First Credit Services that employed the "male" recorded voice, for which Ms. Hoebreckx possesses recordings. The 3 calls that lasted 62 seconds all correspond to the "female" recorded voice, for which Ms. Hoebreckx possesses recordings. The calls that lasted 56 and 61 seconds likely correspond to voicemails left by the "male" and "female" recorded voice, respectively, but since these were the first calls made to Ms. Hoebreckx, she does not have recordings for them.

The putative class members will not all have received messages of 57 and 62 seconds. There is some variability, even among Ms. Hoebreckx's calls. The above-calls that lasted 67 and 70 seconds also corresponded to messages left by the "female" recorded voice. But Ms. Hoebreckx argues that those telephone numbers that also have a call pattern showing a "mode," or frequently-occuring, duration for calls that have the same criteria as the calls Ms. Hoebreckx received are members of the putative class.

**There 3,490 unique phone numbers that received *5 or more calls of identical length* and that meet the *same criteria* as those calls that resulted in violative messages being left on Ms. Hoebreckx's answering machine.** It is certainly possible that, once or twice, a consumer answered the phone and listened to the message, without pressing a key. But it is hard to imagine that a consumer would listen to the message, a repeating computerized voice, 5 or more times. And where those calls lasted the *identical* length, five or more times, it is conclusive evidence that these were not real people, but, in fact, these are messages being left on answering machines.

      After fighting to obtain this data for many months, Ms. Hoebreckx has finally obtained the evidence that, from the beginning, she maintained would show that First Credit Services violated the FDCPA with respect to a large class of individuals. Now that she has obtained it, she can prove with certainty, that there are at least 3,490 ascertainable members of the putative class. With this Court's permission, Ms. Hoebreckx would like to file a motion for class certification and to be appointed class representative on behalf of the putative class.

Sincerely,

Noah D. Radbil