# WEISBERG & MEYERS, LLC
**ATTORNEYS FOR CONSUMERS**
5025 North Central Ave, #602
Phoenix, Arizona 85012
602-445-9819
888-595-9111 (Toll Free)
866-565-1327 Facsimile
www.AttorneysForConsumers.com

August 13, 2013

The Honorable Michael A. Hammer
United States District Court, New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, MLK 3C
Newark, NJ 07101

   *Re*: HOEBRECKX v. FIRST CREDIT SERVICES, INC.
     Case Number: 2:11-cv-05738-KM-MAH

Dear Judge Hammer,

  On August 7, 2013, Defendant First Credit Services filed a supplemental brief citing a recently issued Third Circuit opinion to support its earlier opposition to class certification on the basis of Ms. Hoebreckx's Maryland residency.[1]  First Credit points to one case, *Hayes v. Wal-Mart Stores, Inc.*, No. 12-2522, (3rd Cir. Aug. 2, 2013).

  *Hayes v. Wal-Mart Stores, Inc.,* states nothing novel or revolutionary and does not support First Credit's opposition to class certification. *Hayes* only reaffirms the legal framework particular to this Court's class certification analysis under Rule 23 of the Federal Rules of Civil Procedure.

  Borrowing language from the Chief Justice Burger's 1974 Supreme Court opinion, the *Hayes* opinion explains class membership in terms of common interest and shared injury. First Credit's argument finds no support here:

> To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents.

  *Hayes,* at *9 (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 20R, 216 (1974) ("In granting respondents standing to sue as representatives [p217] of the class of all United States citizens, the District Court therefore necessarily—and correctly—characterized respondents' interest as "undifferentiated" from that of all other citizens.").

---

[1] First Credit did so despite the fact that the Federal Rules of Civil Procedure give no authority to file supplemental briefs. *See Garrison v. Northeast Ga. Med. Ctr., Inc.*, 66 F.Supp.2d 1336, 1340 (N.D.Ga. 1999). The undersigned can find no local rule granting such authority and is unaware of Defendant having sought or received leave from the Court.

Third Circuit jurisprudence remains consistent on this issue: "In any class certification, the threshold issue is whether the four requisites of Rule 23(a), numerosity, commonality, typicality, and adequacy, are met." *Chiang v. Veneman*, 385 F.3d 256, 264-65 (3d Cir. 2004).

"Membership in a class is not a separate requirement of Rule 23(a), but is an implicit requirement normally met through the application of the commonality, typicality and adequacy of representation requirements." *Agostino v. Quest Diagnostics* Inc., 256 F.R.D. 437, 472 (D.N.J. 2009) (citing *Ritti v. U-Haul Intern., Inc.*, 2006 WL 1117878, at *2 (E.D. Pa. April 26, 2006); William B. Rubenstein, Alba Conte and Herbert B. Newberg, 1 NEWBERG ON CLASS ACTIONS § 3:19 (4th ed.)).

This Court does "not impose class membership as a separate procedural requirement for class certification under Rule 23, but instead holds that the class representatives' membership in the class is already guaranteed by one or more of the requirements of Rule 23(a) and Article III, most notably standing, typicality, or adequacy. NEWBERG ON CLASS ACTIONS § 3:9 (5th ed.) (citing *Agostino*, 256 F.R.D. 437, 472 (D.N.J. 2009).[2]

*Hayes v. Wal-Mart Stores, Inc.*, No. 12-2522, (3rd Cir. Aug. 2, 2013), in no way changes the simple framework for deciding the motions before the Court. The Third Circuit's reiteration of the requirement that the class representative must suffer the same injury in fact as the rest of the class members is not a novel development, or in any way new.

First Credit does not challenge Ms. Hoebreckx's ability to represent the proposed class on substantive Rule 23(a) grounds. *See* Doc. 34, p. 2. This makes sense considering that Ms. Hoebreckx's legal claims are identical to the claims of each proposed class member and that her claims arise from the identical course of standardized conduct and communications. Unlike the plaintiff in *Hayes* (who did not know whether he had a warranty upon which the class claims were based), Ms. Hoebreckx has been subjected to the very same conduct (standardized pre-recorded telephone communications) as the putative class members.

Should it please this Court, Ms. Hoebreckx requests leave to address the substance of First Credit's supplemental brief in greater detail.

Sincerely,

Jeanne Lahiff

---

[2] "Under this approach, requiring class membership as a stand-alone prerequisite to certification would be superfluous because a class representative who was not a member of the class would necessarily lack standing to assert the class's claims under Article III, have claims that were atypical of those of the class under Rule 23(a)(3), or be an inadequate class representative under Rule 23(a)(4)." 1 Newberg on Class Actions § 3:9 (5th ed.) (citing *Agostino*, 256 F.R.D. 437, 472 (D.N.J. 2009); *Cordes & Co. Financial Services, Inc. v. A.G. Edwards & Sons, Inc*., 502 F.3d 91, 101–03, 2007-2 Trade Cas. (CCH) ¶75861 (2d Cir. 2007) ("analyzing the issue of the class representatives' class membership as one of standing, and holding that the district court erred in denying certification even though the class representatives' claims had been assigned to them by two other companies and the class representatives were therefore not, strictly speaking, members of the class")).